IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MONTEZ LAMAR FULLER,

    Defendant.                                           Case No. 06-cr-30117-1-DRH

**PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO
FED. R. CRIM. P. 32.2 WITH RESPECT TO CERTAIN
PROPERTY OF MONTEZ LAMAR FULLER**

**HERNDON, Chief Judge:**

        In the Superseding Indictment filed in the above cause on October 19, 2006, the United States sought forfeiture of property of Defendant, Montez Lamar Fuller, pursuant to **18 U.S.C. § 981(a)(1)(C)** and **28 U.S.C. § 2461**. The Court, based upon the forfeiture special verdict (Doc. 253) entered by the jury in this cause, hereby **GRANTS** the Government's Motion for Entry of Preliminary Order of Forfeiture (Doc. 284) and finds that the following property which constitutes or is derived from proceeds traceable to the offense described in Count 1 to which the Defendant was found guilty and is therefore forfeitable:

        **One 1995 GMC Yukon, VIN: 1GKEK13KXSJ729675, and all attachments, and accessories thereto.**

        The United States shall publish at least once a week for three consecutive weeks in a newspaper of general circulation, notice of this order, notice of the intent

of the United States Marshal to dispose of the property in such a manner as the Attorney General may direct, and notice that any persons other than the defendant who have any or claim any legal interest in any of the above-listed forfeited property, must file a petition with the court within thirty (30) days of final publication of the notice or receipt of actual notice, whichever time is earlier.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal shall seize and reduce to his possession, if he has not already done so, the above-described property.

Pursuant to **Rule 32.2(b)(3)** of the **FEDERAL RULES OF CRIMINAL PROCEDURE**, this Preliminary Order of Forfeiture is hereby decreed to be final with respect to defendant Montez Lamar Fuller and is hereby made a part of his sentence and shall be included in the Judgment entered against him in this case.  Said order is a final

order only with respect to said defendant, and said order may be amended with respect to petitions filed by third parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of the vehicle by filing notice of same with the Court.

**IT IS SO ORDERED.**

Signed this 27th day of November, 2007.

/s/     David R Herndon

**Chief Judge
United States District Court**