IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MONTEZ LAMAR FULLER,

    Defendant.                                  Case No. 06-cr-30117-1-DRH

## ORDER

**HERNDON, Chief Judge:**

        Before the Court is defendant Montez L. Fuller's Motion to Correct Judgment in a Criminal Case (Doc. 419). Defendant states that he is currently making restitution payments while incarcerated at USP Terre Haute, but complains that his payments have been increased per quarter and thus argues this is contrary to the terms of his judgment. He explains that the increase in payments occurred because the Court's judgment did not specify the amount of the payments that Defendant is to make while incarcerated. Therefore, Defendant asks that the Court amend the Judgment to specify the arrangement to which the Parties stipulated during his January 18, 2008 sentencing hearing.

        The "stipulation" regarding restitution payments to which Defendant refers actually states that any remaining amount of restitution to be paid once Defendant is on *supervised release* shall be in installments of $50.00 per month or ten percent of Defendant's net monthly income, whichever is greater (*see* Doc. 339 -

Judgment, p. 7; Doc. 335 - January 18, 2008 Sentencing hearing minutes, p. 2). There was no stipulation regarding payment of fines during Defendant's term of incarceration. The Court's judgment did not specify payments to be made during incarceration nor did it intend to specify such payments. The Court does not believe it has jurisdiction to consider Defendant's request to amend his judgment in such a manner. **See U.S. v. Boyd, No. 09-1425, 2010 WL 2330395 at * (7th Cir. June 11, 2010) (recognizing that inmates voluntarily elect to participate through the "Inmate Financial Responsibility Program," which may allow benefits through participation, but a court has no authority to order that an inmate participate in this program)**. It appears that Defendant has likely elected to participate in the Inmate Financial Responsibility Program ("IRFP") in order to receive some sort of benefit, such as participating in the UNICOR prison job training program, or higher commissary spending limits, etc. Because Defendant's fine payment amounts are determined through the IFRP, managed by Bureau of Prisons personnel and not the Court, the Court is without authority to order any amendment to the IFRP's guidelines through an amendment of Defendant's judgment. Accordingly, Defendant's Motion (Doc. 419) is **DENIED FOR LACK OF JURISDICTION**.

    **IT IS SO ORDERED.**

Signed this 13th day of July, 2010.

/s/ David R Herndon
**Chief Judge
United States District Court**