IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MONTEZ LAMAR FULLER,

    Defendant.                      Case No. 06-cr-30117-1-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is defendant Montez L. Fuller's Motion for New Trial (Doc. 403), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33**.[1] On August 30, 2007, Defendant was convicted for two counts of aggravated bank robbery and two counts for knowing use of a firearm during the bank robbery (Docs. 249-252). On January 18, 2008, he was sentenced to a total term of 564 months'

---

[1] In his Motion, Defendant clearly states that he does not wish that his Motion be construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 403, p. 1). *See United States v. Rollins,* **607 F.3d 500, 504 (7th Cir. 2010) (advising a district court to allow a *pro se* defendant the option of electing whether to treat a Rule 33 motion as a § 2255 petition if Rule 33 is found to be inapplicable)**.

imprisonment (Docs. 335 & 355).[2] Defendant now believes that new evidence exists which should warrant a new trial.

## II. Discussion

### A.  Rule 33

Under **FEDERAL RULE OF CRIMINAL PROCEDURE 33**, a defendant may move for a new trial.  Rule 33 requires such motion be filed "within 14 days[3] after the verdict or finding of guilty" unless it is grounded on newly discovered evidence, in which case, it "must be filed within 3 years after the verdict or finding of guilty." **FED. R. CRIM. P. 33(b)**.  Upon review, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." **FED. R. CRIM. P. 33(a)**.

A new trial is warranted when a defendant has evidence that (1) was discovered after trial, (2) could not have been discovered sooner with due diligence, (3) is material, and (4) would probably result in an acquittal if presented at trial. ***United States v. Reyes*, 542 F.3d 588, 595 (7th Cir. 2008)**.  If a new trial is sought on grounds other than newly discovered evidence, then the Court must determine if a new trial is warranted because there exists a "reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." ***United States v.***

---

[2] Defendant's conviction was affirmed on appeal on February 13, 2009 (Doc. 388). ***See United States v. Fuller*, 306 Fed. Appx. 297, 2009 WL 22886 (7th Cir. 2009)**.

[3] Because Defendant filed the instant Motion prior to the December 1, 2009 amendments to the Federal Rules of Criminal Procedure, Rule 33(a) actually required that a motion for new trial not based on newly discovered evidence be filed **within seven days**, rather than fourteen days as is now stated in Rule 33(b)(2).  Therefore, if necessary to the Court's analysis, the filing deadline of seven days after the verdict or finding of guilty will be applied herein.

***Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006) (citing *United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996))**. A new trial may also be warranted where a "trial errors or omissions have jeopardized the defendant's substantial rights." ***United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (citing *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir.1989))**. Such a determination is completely within the Court's sound discretion . ***Id.* (citing *United States v. Nero*, 733 F.2d 1197, 1202 (7th Cir. 1984))**. However, the Court should be mindful that the power bestowed by Rule 33 to grant a new trial should only be done in the "most 'extreme cases.'" ***United States v. Linwood*, 142 F.3d 418, 422 (7th Cir.1998) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir.1990))**.

**B.    Analysis**

Defendant offers the recent conviction of former Alton City Police Officer and evidence custodian, Mickey L. Dooley ("Dooley"), as his "newly discovered evidence" (*see United States v. Dooley*, Case No. 08-cr-30010-GPM).[4] Dooley was convicted for the theft of $4,100.00 held by the Alton City Police Department ("APD") as evidence. This stolen $4,100.00 in monetary evidence was actual stolen proceeds from a bank robbery for which Defendant was convicted. Because Dooley stole evidence related to Defendant's case, Defendant requests a new trial, as he believes

---

[4] Dooley was actually convicted on September 12, 2008 and sentenced on December 8, 2008. However, he appealed his conviction, which was later affirmed on all Counts except Count 3, on September 11, 2009. He was resentenced on October 26, 2009. Because Defendant remains in federal custody, it is reasonable that he would not become aware of Dooley's conviction until several months later, in order to file the instant Motion.

the money was integral to the Government's ability in obtaining an indictment against Defendant. Continuing, Defendant asserts that tampering with evidence of a federal crime violates the Due Process Clause of the Fifth Amendment, and should not have been admissible (Doc. 403, p. 2, citing 18 U.S.C. § 3504(a)(1)). In addition, Defendant asserts that Dooley "manufactured evidence (tainted print evidence), bait money and finger print lifts," linking Defendant to the charged offense, in order to cover up his own misconduct (*Id.*). Defendant also asserts that he was the victim of "torture" by APD personnel for his refusal to stipulate to a tampered palm print which he claims Dooley processed into evidence (*Id.* at 3).

Responding, the Government opposes Defendant's motions on two main grounds: first, that it is untimely filed and second, that even if considered timely filed, Defendant has failed to meet the requisite elements warranting a new trial (Doc. 405). Regarding its first argument, the Government contends that Defendant's instant Motion is not based on newly discovered evidence and therefore, is untimely, as it was filed more than seven days after he was found guilty. In support, the Government states that despite the fact that Defendant may have only recently learned of Dooley's conviction, before Defendant's trial began, it disclosed to the defense that evidence was missing, consisting of the money seized from Defendant when he was arrested. It also informed the defense that an investigation into the stolen monetary evidence was underway and that Dooley was the only suspect. Defense counsel was allowed to review certain reports and physical evidence pertaining to the investigation and the missing evidence. The Court thereafter held

a hearing on a Motion for Disclosure of Impeaching Information Regarding Missing Bank Robbery Proceeds filed by Defendant's counsel. The motion was denied.

Regarding its second argument, the Government believes that even if Dooley's conviction is deemed to be "newly discovered evidence," and therefore timely filed under the three-year filing provision of Rule 33(b)(1), it argues that a new trial is still unwarranted because Defendant fails to demonstrate that the evidence was discoverable only after trial, the evidence is either material and would have likely to have resulted in his acquittal if introduced during trial. Accordingly, the Government argues that not only was there the possibility for Defendant to know that Dooley had likely stolen monetary evidence linked to Defendant's case prior to trial, Defendant had actual knowledge based on the Government's disclosure of their pending investigation of Dooley. Further, the Government argues that evidence of Dooley's theft was immaterial to Defendant's conviction, explaining that it never used Dooley as a witness against Defendant nor did it submit any evidence at trial that was processed by Dooley (including the evidence bags Dooley tampered with that contained the money seized from Defendant when he was arrested). Moreover, the Government notes that while Defendant asserts that Dooley manufactured evidence and may have tainted print evidence, bait money and finger print lifts, it argues that Defendant fails to identify the exact evidence used to convict Defendant that Dooley supposedly tainted in some fashion.

The Government admits it did submit finger print evidence in Defendant's trial, but that the prints were taken from the robbery at the Granite City

Steel Credit Union, and that Dooley was not involved in either obtaining, processing or holding that evidence. In addition, the Government admits it submitted evidence in Defendant's trial of "bait bills" from the robbery at the Olin Community Credit Union, but again, that those "bait bills" were seized and placed into a sealed evidence bag by Alton Police Detective Jake Simmons. In sum, the Government states that it did not submit any evidence at Defendant's trial that was discovered, processed, or exclusively handled by Dooley (Doc. 405, pp. 4-5).

Considering the Parties' respective arguments, the Court finds that Defendant's Motion for New Trial must be denied as untimely filed. Although Defendant asserts that his Motion is based on newly discovered evidence, as the Government points out, this is an incorrect characterization. It is true that Dooley's conviction was not obtained until some time after a verdict against Defendant was entered in this case. However, it is clear that before Defendant even went to trial, both he and his trial counsel knew that monetary evidence from Defendant's case had been stolen. As stated previously, the Government made both Defendant and his trial counsel aware of its pending investigation of Dooley, that he was suspected of stealing monetary evidence from Defendant's case and that he was the only suspect. In fact, a hearing on a pretrial motion filed by defense counsel was conducted concerning this very subject matter. Therefore, the Court will not deem Dooley's conviction as newly discovered evidence merely because he was convicted after Defendant was found guilty in this case. Information regarding stolen money was provided to Defendant before trial. As such, because the Court does not construe

Defendant's Motion for New Trial to be based on newly discovered evidence, it is untimely, as Defendant filed it more than seven days after Defendant was found guilty in this case. Accordingly, a new trial is not warranted under Rule 33.

Even should Dooley's conviction be construed as newly discovered evidence, as the Government also argues, Defendant has not shown that this evidence would be considered "material" and would ultimately result in his acquittal. Defendant cannot merely make a conclusory statement to this effect in his Reply (Doc. 406, p. 9). Defendant's trial counsel admitted during a pretrial motion hearing that because the stolen monetary evidence was fungible (and not the marked "bait bills"), there was nothing unique about it that would be material or particularly useful in proving that someone other than Defendant committed the bank robbery (Doc. 405, Ex. 1, p. 11). Further, the Government did not use Dooley as a witness during Defendant's trial, nor did it offer any evidence against Defendant that had been discovered, processed or handled exclusively by Dooley (Doc. 405, p. 5).

Defendant also asserts that Dooley tampered with certain evidence, such as fingerprint lifts. However, he offers no viable proof to substantiate these assertions. Dooley was not convicted of tampering with other evidence involved in Defendant's case, other than the theft of the monetary evidence. Again, the Government states it did not offer evidence that had been discovered, processed or handled exclusively by Dooley. Without more, the Court cannot find merit to warrant a new trial on Defendant's unsubstantiated assertion of tainted evidence. The same holds true for Defendant's vague assertions of being a victim of torture (Doc. 403, p.

3).  The Court notes that Defendant also raises several new Rule 33 arguments in his Reply (Doc. 406).  While this is not procedurally appropriate, the Court will make certain concessions for Defendant, as he is acting *pro se*.  However, all of these newly-asserted grounds in his Reply cannot be construed as newly discovered evidence as they relate to matters known about during or before Defendant's trial.  Therefore, they shall also be considered untimely raised and will not warrant relief under Rule 33.

### III.  Conclusion

For the reasons discussed herein, Defendant's Motion for New Trial (Doc. 403) is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of October, 2010.

David R. Herndon
2010.10.19 10:46:15
-05'00'

**Chief Judge**
**United States District Court**