IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**MONTEZ LAMAR FULLER,**

    **Defendant.**                                        Case No. 06-cr-30117-1-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Montez L. Fuller's Motion to Return Property (Doc. 407), filed pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**. Defendant requests the return of the following property, which he claims was seized by authorities during his arrest and search of the Econolodge Hotel room he was staying in at the time: (1) one gold colored chainlinked bracelet; (2) one gold colored chainlinked necklace with pendant having clear stones; (3) one gold colored "Jo Jo Techno Com" watch; and (4) six pairs of mens' shoes. Defendant believes that these items should be returned to him as they were found on his possession during his arrest and, more importantly, were never used as evidence in his criminal trial. Because Defendant believes these items of personal property to be of no further use

to the Government, he asks that the Court order their prompt return to his possession.[1]

In its opposing Response (Doc. 409), the Government states that it does, in fact, continue to have use for the property at issue in Defendant's Motion, asserting that the property constitutes proceeds or property derived from proceeds, obtained as a result of Defendant's unlawful activity for which he was convicted. Therefore, the Government states that because it believes Defendant purchased these items with proceeds from the bank robberies, it remains subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) and 18 U.S.C. § 981 (a)(2), in order to assist in the satisfaction of the restitution amount of $58,316.00 ordered in the judgment against Defendant issued by this Court on January 23, 2008. The Government states that it intends to levy and execute on the property to apply the proceeds of the sale towards Defendant's judgment.

**FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)** authorizes a judge proceeding in a criminal case to order the Government to return property in its possession, which belongs to a defendant if the Government has no reason to continue holding the property. ***See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010) (explaining that a Rule 41(g) proceeding may also be maintained as an ancillary proceeding in the district court even after the criminal proceeding ends) (citations omitted)**. Because the Government clearly has reason

---

[1] Defendant also states that he could meet the burden of establishing his lawful entitlement to his property if the Court were to allow an evidentiary hearing (Doc. 407, p. 1).

to continue to hold the property Defendant requests be returned to him, his Motion (Doc. 407) must be **DENIED**.

      **IT IS SO ORDERED**.

Signed this 19th day of October, 2010.

                                      David R. Herndon
                                      2010.10.19
                                      11:15:49 -05'00'

**Chief Judge**
**United States District Court**