# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 06-CR-30117-SMY |
| MONTEZ L. FULLER, | ) ) ) |
| Defendant. | ) |

# ORDER

On August 30, 2007, a jury convicted Defendant Montez L. Fuller on two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was subsequently sentenced to a term of 564 months' incarceration followed by 5 years' of supervised release. His conviction was upheld by the Seventh Circuit Court of Appeals on direct appeal. *United States v. Fuller*, 306 Fed.Appx. 297 (7th Cir. 2009). The United States Supreme Court denied certiorari on April 20, 2009. *Fuller v. United States*, 129 S.Ct. 2037 (2009). Thereafter, Fuller unsuccessfully moved for a new trial (Docs. 403, 425) and filed a Motion to Vacate, Set Aside or Correct Sentence (2255) on April 12, 2010. *Fuller v. USA*, 10-cv-267-DRH. The §2255 Motion was denied on May 22, 2012 (Doc. 28 in 10-cv-267) and on appeal. Fuller's attempt to file a successive § 2255 motion was dismissed for lack of jurisdiction on October 4, 2017 (*Id*. Doc. 65).

Now pending before this Court are Fuller's Motion to Reduce Sentence (Doc. 559), Motion to Vacate (Doc. 563), and Motion to Set Aside Judgment (Doc. 585). The Government filed a response to the first two motions (Doc. 576). For the following reasons, all three Motions are **DISMISSED** for lack of jurisdiction.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Fuller's Motions reveals that they are in fact motions filed pursuant to § 2255 that must be dismissed as unauthorized second or successive habeas petitions.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Fuller previously filed a § 2255 petition and received a full round of collateral review. The instant Motions are his third, fourth, and fifth attempt at relief under § 2255 and therefore require prior approval from the Seventh Circuit. Because there is no indication that Fuller has sought permission from the Seventh Circuit to file a second or successive § 2255 petition, this Court is without jurisdiction to consider the pending Motions and they must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Fuller's

Motions to Vacate, Set Aside, or Correct Sentence (Docs. 559, 563, and 585) are dismissed for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Fuller did not obtain leave to file a successive § 2255 petition. Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: November 18, 2019**

**STACI M. YANDLE
United States District Judge**